USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-2380 UNITED STATES OF AMERICA, Appellee, v. WALTER CARABALLO-CRUZ, Defendant, Appellant. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ __________________________ Selya, Cyr and Stahl, Circuit Judges. ______________ __________________________ Miguel A.A. Nogueras-Castro, Assistant Federal Public _____________________________ Defender, with whom Benicio Sanchez Rivera, Federal Public ________________________ Defender, was on brief, for appellant. Jose A. Quiles-Espinosa, Senior Litigation Counsel, with _________________________ whom Guillermo Gil, United States Attorney, was on brief, for _____________ appellee. _________________________ April 20, 1995 _________________________ SELYA, Circuit Judge. Defendant-appellant Walter SELYA, Circuit Judge. ______________ Caraballo-Cruz appeals his conspiracy conviction on double jeopardy grounds. His claim has merit. Consequently, we reverse. I I This appeal has its origins in an earlier case. In May 1992, a federal grand jury charged appellant with conspiracy to possess 29 kilograms of cocaine, intending to distribute the drug, in violation of 21 U.S.C. 841(a)(1) and 846. On July 16, 1992, a petit jury found him guilty as charged. The district court thereafter imposed sentence and we affirmed the judgment. United States v. Caraballo-Cruz, No. 92-2316 (1st Cir. Feb. 10, ______________ ______________ 1994) (unpublished opinion). Appellant's travail was not limited to the 1992 indictment. On June 18, 1993, the grand jury returned a second, far broader indictment. The new indictment contained a master conspiracy count (count 1) and 47 subsidiary counts. The master conspiracy count charged 30 defendants, including appellant, with conspiracy to possess and distribute some 2,000 kilograms of cocaine in violation of 21 U.S.C. 841(a)(1) and 846. Appellant, who was not indicted on any other charge, promptly moved to dismiss count 1. He asseverated that the master conspiracy portrayed therein encompassed the narrower conspiracy described in the earlier indictment, and, therefore, that the government's nascent attempt to prosecute him anew for his role in the master conspiracy transgressed the Double Jeopardy Clause. 2 On August 20, 1993, the district court denied appellant's motion to dismiss without prejudice to its renewal at trial.1 But no trial ever occurred. Instead, appellant entered into a conditional plea agreement in which he reserved his double jeopardy claim. The district court accepted a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), and imposed sentence. On December 7, 1993, in accordance with the condition of his plea agreement, Caraballo-Cruz filed a notice of appeal. II II The Fifth Amendment to the United States Constitution states in relevant part: "No person [shall] be subject for the same offence to be twice put in jeopardy of life or limb . . . ." This constitutional shield embodies three separate safeguards: it protects against a second prosecution for the same offense after an acquittal; it protects against a second prosecution for the same offense after a conviction; and it protects against multiple punishments for the same offense. See North Carolina v. ___ ______________ Pearce, 395 U.S. 711, 717 (1969); United States v. Ortiz-Alarcon, ______ _____________ _____________ 917 F.2d 651, 653 (1st Cir. 1990), cert. denied, 500 U.S. 926 _____ ______ (1991). In the papers accompanying his motion to dismiss, Caraballo-Cruz set forth in considerable detail the basis for his belief that the most recent conspiracy charge fell squarely within the proscription of the second buckler of this tripartite  ____________________ 1The court acknowledged that the issue was nonfrivolous but declined to decide it "without having the benefit of the evidence that will be presented against the defendant at trial." The court noted that, depending on what the trial disclosed, "a renewed request [for dismissal] may prosper." 3 shield. He repeats these arguments in his brief on appeal, asserting that the conspiracies described in the two indictments are, in law and in fact, the same offense. While the appellant's position is consistent and predictable, the government's response is exotic. Even though the prosecution attempted to meet the double jeopardy initiative head-on before the district court, its appellate brief is confined to a pair of peripheral issues. First, the government contends that we lack appellate jurisdiction because the double jeopardy issue was never decided on the merits by the court below. Second, it maintains that appellant's guilty plea waived the issue. These assertions contain more growl than bite. III III To guard against the constitutional insult that double jeopardy entails, a court faced with a colorable successive prosecution claim must hear and determine the matter in advance of trial. See United States v. Liotard, 817 F.2d 1074, 1079 (3d ___ _____________ _______ Cir. 1987); United States v. Booth, 673 F.2d 27, 30 (1st Cir.), _____________ _____ cert. denied, 456 U.S. 978 (1982). The reason for this rule is _____ ______ apparent: if the right to be free from a second trial is not vindicated before that trial commences, then the right is no right at all, but a cruel illusion. See Liotard, 817 F.2d at ___ _______ 1080; see also Robinson v. Neil, 409 U.S. 505, 509 (1973) ___ ____ ________ ____ (explaining that the Double Jeopardy Clause is distinctive because "its practical result is to prevent a trial from taking place at all"). In a successive prosecution case, the guarantee 4 against double jeopardy "would be lost if the accused were forced to `run the gauntlet' a second time" before being placed on trial. Abney v. United States, 431 U.S. 651, 662 (1977). _____ _____________ The case at hand fits neatly within this doctrinal framework. Confronted with a timely motion to dismiss that limned a patently nonfrivolous successive prosecution claim,2 the lower court denied the motion without prejudice to its renewal after the presentation of evidence at trial. See supra _____ ___ ____________ __ ________ __ _____ ___ _____ note 1. The Double Jeopardy Clause prohibits such temporizing. And, moreover, inasmuch as the district court's failure to decide the double jeopardy claim on the merits stemmed from the court's mistaken view of the law rather than from any lack of diligence on appellant's part, the government's jurisdictional argument founders. IV IV The government's waiver argument fares no better. Though an unconditional guilty plea typically subsumes all nonjurisdictional defects occurring earlier in the case, insulating previous rulings from appellate review, see United ___ ______ States v. Cordero, 42 F.3d 697, 698 (1st Cir. 1994), that ______ _______  ____________________ 2While we need not reach the merits of the double jeopardy claim, see infra Part V, that claim has much to commend it: both ___ _____ indictments charged the defendant with violating the same statutes; the described conspiracies overlapped temporally (the first indictment charged a conspiracy taking place in May 1992, whereas the second indictment charged a conspiracy running from September 1991 to March 1993); the five purported coconspirators identified in the first indictment were among those named in the second indictment; both conspiracies involved importing cocaine from Colombia into Puerto Rico; and in both instances contraband was destined for transshipment. 5 principle is inapposite where, as here, the government and the defendant enter (and the district court approves) a conditional ___________ plea agreement that expressly preserves the defendant's right to raise a particular issue on appeal. This conclusion flows irresistibly from the language of the Criminal Rules, which provide in pertinent part that: With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty . . ., reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. Fed. R. Crim. P. 11(a)(2). The import of this rule is open and obvious: it is designed to "ensure careful attention to any conditional plea," to "identify precisely what pretrial issues have been preserved for appellate review," and to husband scarce judicial resources by permitting a defendant fully to litigate hoarded issues while at the same time lessening the burden on busy district courts and sparing the sovereign the expense of trial. Fed. R. Crim. P. 11 advisory committee's note. The agreement that led to appellant's plea in this case makes reference to Rule 11(a)(2) and contains an express written reservation of the right to appeal from the denial of the motion to dismiss.3 In short, it scrupulously follows the protocol required by the rule. Hence, the government's execution of the  ____________________ 3After referencing Rule 11(a)(2), the plea agreement stated that "this plea is conditioned upon defendant's reserving the right to appeal the Order denying defendant's motion to dismiss the indictment on double jeopardy grounds." 6 agreement (by not one, but two, Assistant United States Attorneys) represented its considered acquiescence in the defendant's right to hawk his double jeopardy defense on appeal notwithstanding his guilty plea. See id.; see also United States ___ ___ ___ ____ _____________ v. Ramos, 961 F.2d 1003, 1005-06 (1st Cir.) (holding that the _____ entry of a conditional guilty plea preserves specifically described rulings for review and waives all other nonjurisdictional errors), cert. denied, 113 S. Ct. 364 (1992); _____ ______ United States v. Simmons, 763 F.2d 529, 533 (2d Cir. 1985) ______________ _______ (similar). Having secured a plea by means of this accommodation, the government cannot now retract its acquiescence. After all, "[h]aving one's cake and eating it, too, is not in fashion in this circuit." United States v. Tierney, 760 F.2d 382, 388 (1st ______________ _______ Cir.), cert. denied, 474 U.S. 843 (1985). _____ ______ Should any doubt remain and we see none the Supreme Court's opinion in Doggett v. United States, 112 S. Ct. 2686 _______ _____________ (1992), supplies the sockdolager. There, the government advanced substantially the same argument as it advances here, asserting that, by pleading guilty, the defendant waived any right to appeal his claim that a delayed arrest had prejudiced his defense. See id. at 2694 n.3. The Court rejected this argument ___ ___ out of hand. It noted that Doggett had tendered a conditional guilty plea under Rule 11(a)(2), and that the plea agreement memorialized "the Government's explicit consent to his reservation of the right to appeal" the denial of his motion to dismiss. Id. Accordingly, Doggett could not be barred "from ___ 7 pursuing as effective an appeal as he could have raised had he not pleaded guilty." Id. So it is here.4 ___ V V In its opposition to the appellant's motion to dismiss in the district court, the government attempted to parse the factors required to determine when successive conspiracy counts should be construed as charging the same offense for purposes of double jeopardy analysis. See, e.g., United States v. Cloutier, ___ ____ _____________ ________ 966 F.2d 24, 28 (1st Cir. 1992) (elucidating multi-pronged test for determining whether two successive conspiracy counts charge the same offense within the purview of the Double Jeopardy Clause); United States v. David, 940 F.2d 722, 734 (1st Cir. _____________ _____ 1991) (similar), cert. denied, 502 U.S. 1046 (1992); cf. United _____ ______ ___ ______ States v. Gomez-Pabon, 911 F.2d 847, 860 (1st Cir. 1990) ______ ___________ (elucidating test in analogous context), cert. denied, 498 U.S. _____ ______ 1074 (1991). On appeal, however, the government fails either to renew this challenge or to address the substantive issue in any meaningful way. Instead, the government declares, without further elaboration, that the "underlying offenses are not the same." Government's Brief at 11. An enigmatic reference of this sort, totally devoid of developed argumentation, is like a month-  ____________________ 4The government's reliance on United States v. Broce, 488 _____________ _____ U.S. 563 (1989), is mislaid. In Broce, the defendant admitted _____ guilt on two separate conspiracy counts. On review, the Supreme Court held the defendant's double jeopardy defense to be "foreclosed by the guilty pleas and the judgments of conviction." Id. at 565. Unlike this case, Broce's pleas were neither ___ conditional nor qualified in any comparable way. Hence, Broce is _____ inapposite. 8 old ketchup bottle: it may look full, but is surpassingly difficult to get anything out of it. We believe it is apodictic that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 _____________ _______ F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990). To be _____ ______ sure, the usual office of this rule in criminal cases is to negate consideration of skeletal arguments advanced by the __ ___ defendant. See, e.g., United States v. Innamorati, 996 F.2d 456, _________ ___ ____ _____________ __________ 468 (1st Cir.), cert. denied, 114 S. Ct. 409 (1993); Zannino, 895 _____ ______ _______ F.2d at 17. But in fairness, what is sauce for the defendant's goose is sauce for the government's gander. Thus, the rule applies with undiminished vigor when, as now, a prosecutor attempts to rely on fleeting references to unsubstantiated conclusions in lieu of structured argumentation. See, e.g., ___ ____ United States v. Rodriguez Cortes, 949 F.2d 532, 542 (1st Cir. ______________ ________________ 1991); United States v. Doe, 878 F.2d 1546, 1554 (1st Cir. 1989); _____________ ___ United States v. Serrano, 870 F.2d 1, 7 n.5 (1st Cir. 1989). _____________ _______ On this record, then, we must hold the government to its default and credit appellant's argument that the two conspiracies constitute one and the same offense. VI VI We need go no further. Appellant fully preserved his defense of double jeopardy, and the government has articulated no credible reason to suppose either that the charged crimes are constitutionally distinct or that the defense is otherwise 9 flawed. Consequently, the judgment of conviction must be Reversed. Reversed. ________ 10