# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2455

_____

Christopher L. Taylor,

  Appellant,

v.

United States of America,

  Appellee.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [PUBLISHED]
\*

_____

Submitted: February 15, 2000
Filed: February 25, 2000

_____

Before WOLLMAN, Chief Judge, HANSEN and MORRIS SHEPPARD ARNOLD,
 Circuit Judges.

_____

PER CURIAM.

 Christopher L. Taylor appeals the district court's[1] denial of his supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm.

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Taylor pleaded guilty to counts I and V of the indictment against him, which charged possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994), and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He filed no direct criminal appeal.

Taylor initially filed a § 2255 motion alleging error in count V on the basis of Bailey v. United States, 516 U.S. 137, 148 (1995) (defining "use" of a firearm as requiring its actual employment). The district court denied the motion on the grounds of procedural default, but we granted a certificate of appealability and remanded the case to the district court in light of Bousley v. United States, 523 U.S. 614, 622-24 (1998) (holding actual innocence may excuse the default of one who pleaded guilty before the Bailey decision). On remand, the district court granted Taylor's motion and vacated the count V conviction for use of a firearm.

After his first appeal to this court, Taylor filed a supplemental § 2255 motion in the district court challenging his conviction on count I due to an alleged violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. The district court denied relief on the supplemental motion, concluding that Taylor's counsel had acquiesced in the continuance that supposedly caused the Speedy Trial Act violation, that this conduct did not amount to ineffective assistance of counsel, and that in any event, the 70-day period of the Speedy Trial Act was not violated. Taylor appeals.

We find it unnecessary to reach the merits of Taylor's claimed violation of the Speedy Trial Act because he waived this issue. Taylor pleaded guilty to count I without ever having moved to dismiss the indictment on speedy trial grounds and without specifically reserving his right to appeal the speedy trial issue. Furthermore, he filed no direct appeal. We conclude that Taylor waived his right to raise any argument based on a violation of the Speedy Trial Act when he pleaded guilty. See United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993). Although the district court

2

addressed the merits of the speedy trial calculation, we can affirm the district court's judgment on any ground that is supported by the record.  See Dominium Mgmt. Servs., Inc. v. Nationwide Hous. Group, 195 F.3d 358, 367 (8th Cir. 1999).

We also conclude that Taylor's reliance on a recent First Circuit case to excuse his failure to preserve the issue is misplaced.  See United States v. Barnes, 159 F.3d 4, 15 (1st Cir. 1998) (finding no waiver of a Speedy Trial Act violation where the defendant had failed to object to an unexplained pretrial delay).  The defendant in Barnes did not plead guilty but proceeded to trial and filed a direct criminal appeal challenging the alleged violation of the Speedy Trial Act.  By contrast, Taylor pleaded guilty without specifically preserving the issue and took no direct criminal appeal, thus waiving his right to assert this issue in a collateral motion to vacate, correct, or set aside his sentence.

Accordingly, we affirm the district court's denial of Taylor's supplemental § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

3