**UNITED STATES**

v.

**Airman First Class Benjamin BENAVIDES, United States Air Force.**

**ACM 34454.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 13 Feb. 2001.

Decided 14 June 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Major Marc A. Jones.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Major Cheryl D. Lewis.

Before SCHLEGEL, ROBERTS, and PECINOVSKY, Appellate Military Judges.

OPINION OF THE COURT

SCHLEGEL, Senior Judge:

The appellant pled guilty and was convicted of desertion, in violation of Article 85, UCMJ, 10 U.S.C. § 885. His approved sentence included a dishonorable discharge, confinement for 102 days (the period of his pretrial confinement), and reduction to E–1. He alleges the government violated his right to a speedy trial under Article 10, UCMJ, 10 U.S.C. § 810. We affirm the findings and sentence.

## Background

The appellant enlisted in the Air Force on 17 December 1992. After basic training and technical school, he was assigned to Tinker Air Force Base (AFB), Oklahoma. On 27 June 1994, the appellant failed to report for work and was eventually placed in deserter status. Over six years later, the Air Force Office of Special Investigations (AFOSI) located the appellant in Arlington, Texas. He surrendered on 3 November 2000, and was placed in pretrial confinement at Sheppard AFB, Texas.

The appellant was held in pretrial confinement after a timely review pursuant to Rule for Courts Martial (R.C.M.) 305. The Article 32, UCMJ, 10 U.S.C. § 832, investigation was held on 5 December, and the report of investigation was completed on 11 December. On 6 December, the appellant submitted a request for discharge in lieu of court-martial. The appellant's commander recommended approval of this request, but the request was eventually disapproved. During January 2001, the appellant and the government were involved in negotiations for a pretrial agreement. The special court-martial convening authority recommended approval of the agreement, but it was rejected by the general court-martial convening authority. On 29 January 2001, the appellant demanded a speedy trial but the appellant and government could not agree on a trial date. On 2 February, the chief circuit judge set trial for 13 February, excluding all time after 2 February for speedy trial purposes. Therefore, the government was accountable for 92 days for speedy trial purposes.

In response to the judge's advisement to raise motions prior to pleas, the appellant moved for dismissal of the charge for violation of his right to a speedy trial under Article 10, 10 U.S.C. § 810, and R.C.M. 707. The judge made extensive findings of fact including the number of active duty personnel and retirees served by the legal office, the staffing of the legal office, and the number of courts-martial and administrative discharge boards held at the base during the previous four months. He also listed a variety of logistical challenges faced by the government in bringing cases to trial because the base legal office had been entirely destroyed by a fire on 13 October 2000. In view of the circumstances, the judge, citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and the *United States v. Kossman*, 38 M.J. 258 (C.M.A.1993), concluded the prosecution was diligent in bringing the appellant to trial. He also ruled that the appellant's Sixth Amendment right to a speedy trial was not violated. The appellant then entered a plea of guilty and agreed to waive all the rights associated with a trial on the merits. The appellant did not seek to preserve his right to appeal the judge's ruling. R.C.M. 910(a)(2).

On appeal, the appellant alleges his right to a speedy trial under Article 10, UCMJ, was violated. The government argues the appellant's unconditional plea of guilty operates as a waiver of this issue.

## Analysis

 Immediate steps should be taken to try or release, or dismiss the charges against, a person placed in confinement prior to trial. Article 10, UCMJ, 10 U.S.C. § 810. Article 10 provides service members with greater rights than the Sixth Amendment provides civilians. *Kossman*, 38 M.J. at 259–60. The test for evaluating whether an appellant's right to a speedy trial pursuant Article 10 was violated is whether the government acted with "reasonable diligence" in bringing him to trial. *Id.* at 262. It is appropriate "to consider the *Barker v. Wingo* factors—in the context of Article 10's 'immediate steps' language and 'reasonable diligence' standard—in determining whether a particular set of circumstances violates a ser-

vice member's speedy trial rights under Article 10." *United States v. Birge*, 52 M.J. 209, 212 (1999). The factors are (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's demand for speedy trial; and (4) prejudice to the appellant. *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. 2182. The trial judge's findings of fact are given "substantial deference and will be reversed only for clear error." *Id.* (quoting *United States v. Taylor*, 487 U.S. 326, 337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)). We review whether the accused received a speedy trial de novo. *United States v. Doty*, 51 M.J. 464, 465 (1999).

The issue in *Birge* was whether an affirmative waiver of Article 10 was required. The accused pled guilty and did not allege any speedy trial violation under Article 10, the Sixth Amendment, or R.C.M. 707. However, on appeal he claimed his right to a speedy trial under Article 10 was violated. In rejecting the accused's argument that an affirmative waiver of Article 10 must be made on the record, our superior court wrote, "Civilian law does not support a requirement for an affirmative and fully developed waiver." *Birge*, 52 M.J. at 211. In addition, they noted that *Barker v. Wingo* "declined to extend to the speedy trial right under the Sixth Amendment the requirement for a knowing and intelligent waiver." *Id.* They resolved the case by concluding the facts were insufficient to raise an Article 10 violation. The Court found it unnecessary to decide whether R.C.M. 707(e), which provides that a plea of guilty resulting in a finding of guilty waives any speedy trial issue as to that offense, applies to Article 10. *Id.* at 212. Therefore, while *Birge* confirmed that the right to a speedy trial under Article 10 could be waived, it did not resolve whether an unconditional guilty plea waives this statutory right.

Over 40 years ago, our superior court, with two separate opinions and a dissent, held an accused, who moved to dismiss the charges on speedy trial grounds prior to pleas and then entered an unconditional guilty plea to one of the charged offenses, did not waive his right to appeal the law officer's denial of his speedy trial claim. *United States v. Brown*, 28 C.M.R. 64, 70, 1959 WL 3408 (C.M.A. 1959). Judge Ferguson, relying on a state case from New York, in the majority opinion, noted the federal courts had not decided the issue. This holding is consistent with the strongly held view, prior to *United States v. Sloan*, 48 C.M.R. 211, 1974 WL 13798 (C.M.A.1974), that the right to a speedy trial under Article 10 could never be waived. *See Birge*, 52 M.J. at 211.

In *United States v. Clay*, 10 M.J. 269 (C.M.A.1981) and *United States v. McAnally*, 10 M.J. 270 (C.M.A.1981), the Judge Advocate General of the Navy certified whether a guilty plea waived a previously asserted speedy trial claim. However, our superior court declined to answer the question because the Navy Court of Military Review resolved the speedy trial issue in both cases against the accused on the merits. Almost 20 years later, in *United States v. Bruci*, 52 M.J. 750, 754 (N.M.Ct.Crim.App.2000), the Navy–Marine Court of Criminal Appeals declared the doctrine of waiver applied to claims of speedy trial violations brought under the Sixth Amendment, R.C.M. 707, and Article 10 if an accused enters an unconditional plea of guilty to the charges.[1]

Not surprisingly, in the years since *Brown*, federal courts have ruled on this issue. In *United States v. Gonzalez–Arimont*, 268 F.3d 8 (1st Cir.2001), the accused was charged with the use of a firearm during and in relation to a crime of violence, and aiding and abetting in an armed carjacking resulting in death, in violation of 18 U.S.C. §§ 924(c), 2119(3). Prior to entering pleas, the accused moved to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. § 3161–3174. After the motion was denied,

---

1. In support of this holding, the Navy–Marine Court of Criminal Appeals cited *Birge* and *Sloan*. In addition, they cited their broad authority Article 66(c), UCMJ, 10 U.S.C. § 866(c) for the proposition they could always do justice in the name of due process in any case. *Bruci*, 52 M.J. at 754. This is akin to the "gorilla rule." "[W]hen will the appeals court hear a new issue? 'Any time it wants.'" 2 Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 6.03 (3d ed.1999) (quoting Robert J. Martineau, *Considering New Issues on Appeal: The General Rule and the Gorilla Rule*, 40 Vand. L.Rev. 1023 (1987)).

the accused changed his plea to guilty and acknowledged he understood he was waiving his right to a trial along with other rights. The accused did not preserve his right to appeal the judge's decision on the motion pursuant to Federal Rules of Criminal Procedure 11(a)(2).

On appeal, in *Gonzalez–Arimont,* the accused argued the trial judge erred in denying his motion to dismiss. The Court of Appeals for the First Circuit pointed out that although it had not previously ruled on this question, the prevailing view among the other circuits was that the issue was waived by an unconditional plea of guilty. *Gonzalez–Arimont,* 268 F.3d at 12 (citing *Taylor v. United States,* 204 F.3d 828, 829 (8th Cir. 2000) (holding appellant's Speedy Trial Act claim was waived by his plea of guilty); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992) (holding a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects and a Speedy Trial Act violation is such a nonjurisdictional defect); *United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992); *United States v. Gines,* 964 F.2d 972, 976 (10th cir.1992); *United States v. Pickett,* 941 F.2d 411, 416–17 (6th Cir.1991); *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989); *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984)). The First Circuit's analysis of the issue hinged on the fact that federal courts view speedy trial as a nonjurisdictional defense, which is waived by a plea of guilty. *Gonzalez–Arimont,* 268 F.3d at 12. The court concluded the accused, having moved for dismissal of the indictment prior to pleas, then pleading guilty and waiving the rights associated with a trial, and failing to preserve the issue for review, waived the issue on appeal.

Our practice concerning nonjurisdictional matters is similar. "A plea of guilty will as a general rule waive all objections or issues that are not jurisdictional or deprive an accused of due process." David A. Schlueter, *Military Criminal Justice* 580 (5th ed.1999). "A voluntary plea of guilty on the advice of counsel waives important constitutional rights, including the ones of confronting accusers and of invoking the privilege against self-incrimination. Such a plea waives all nonjurisdictional defects in all earlier stages of the proceedings against an accused." *United States v. Lopez,* 42 C.M.R. 268, 269–70, 1970 WL 7065 (C.M.A.1970) (citations omitted); R.C.M. 907(b)(1) and (2). A motion to dismiss for a speedy trial violation can be waived. R.C.M. 907(b)(2)(A). *Cf. United States v. Collins,* 41 M.J. 428, 429 (1995) (double jeopardy is waivable constitutional, statutory, and regulatory right under R.C.M. 907).

The strategy adopted by the defense in this case actually necessitated at least some delay, as the defense counsel needed time to attempt to negotiate a pretrial agreement and submit a request for an administrative discharge in lieu of trial. The Supreme Court has suggested that the question of whether a speedy trial violation has occurred depends in part on the accused's demonstrated desire to be tried quickly. *See Barker v. Wingo,* 407 U.S. at 534–35, 92 S.Ct. 2182. The record of trial demonstrates the appellant was competently advised by counsel and had a cogent legal strategy. First, he moved to dismiss the charge on speedy trial grounds pursuant to Article 10 and R.C.M. 707, prior to entering a plea. This is required by the general principle of our motions practice that all defenses, objections, or requests for other relief that are capable of being resolved independently from the question of guilt, must be raised prior to pleas or are waived. R.C.M. 905(e).[2] After denial of the motion, the appellant elected to plead guilty, without the benefit of a pretrial agreement, and argue that his plea saved the government time and money. During the inquiry on his guilty plea, he told the judge he understood the meaning and effect of his plea of guilty. Although military judges do not typically warn an accused that an unconditional guilty plea waives all nonjurisdictional matters, this is well known to military counsel.[3] We infer

---

**2.** A motion to dismiss for a violation of R.C.M. 707 must be made in a timely fashion pursuant to R.C.M. 905. R.C.M. 707(c)(2).

**3.** Judges might want to begin including a general statement during the guilty plea inquiry that informs an accused that an unconditional guilty

from the fact that the motion was raised prior to pleas, the appellant's counsel understood this to be the state of the law.[4]

Although Article 10 provides broader protections than the Sixth Amendment, we can discern no constitutional, statutory, or other rationale, which persuades us that the doctrine of waiver should not be applied in this situation. This is particularly true when the Supreme Court has repeatedly held the doctrine of waiver is applicable to a wide variety of constitutional and statutory provisions, including the most basic rights that accrue to an accused. *New York v. Hill,* 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (citing *United States v. Mezzanatto,* 513 U.S. 196, 200–01, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995)); *Peretz v. United States,* 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991).

■ The appellant litigated this issue at trial in accordance with our practice. After the judge ruled against him, he could have preserved the issue by pleading not guilty, or entering a conditional plea. Instead, he elected to plead guilty and argued for a lesser sentence. The appellant made these decisions voluntarily and with the advice of counsel. The right to a speedy trial pursuant to Article 10 is a nonjurisdictional ground for dismissal and can be waived. We hold that the appellant waived our consideration of his Article 10 claim with his unconditional plea of guilty.

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987). Accordingly, the approved findings and sentence are

AFFIRMED.

plea waives nonjurisdictional issues and that the accused understands this general principle.

4. The record does not indicate whether the appellant tried to obtain the convening authority's agreement to enter a conditional plea.