**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peggy Marie FRANCO, Defendant–
Appellant.**

**No. 01–2597.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2002.

Decided July 25, 2002.

Before POSNER, KANNE, and EVANS,
Circuit Judges.

ORDER

Peggy Franco pleaded guilty pursuant to a written plea agreement to distribution of cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 63 months' imprisonment. Franco filed a notice of appeal, but her counsel has moved to withdraw because in his view there are no nonfrivolous grounds for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's *Anders* brief is facially adequate and Franco has not responded to it, so we limit our review of the record to the potential issues counsel discusses. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Franco could argue that her statutory speedy trial rights were violated. Such an argument would be frivolous, however, because by entering an unconditional guilty plea Fran-

co waived any claim that her speedy trial rights were violated. *See United States v. Gonzalez–Arimont,* 268 F.3d 8, 12 (1st Cir. 2001); *United States v. Pierre,* 120 F.3d 1153, 1155 (11th Cir.1997); *United States v. Coffin,* 76 F.3d 494, 496 (2d Cir.1996); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992); *United States v. Gines,* 964 F.2d 972, 977 (10th Cir.1992); *United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (per curiam); *see also United States v. Galbraith,* 200 F.3d 1006, 1010 (7th Cir.2000) (guilty plea operates as waiver of nonjurisdictional defects and errors).

Counsel next considers whether Franco could challenge the validity of her guilty plea. Franco, however, has not told us that she wants to withdraw her plea, and we have held that counsel should not discuss the validity of a plea in an *Anders* submission unless he is certain that the defendant wants to withdraw her plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Counsel lastly considers whether Franco could assert a nonfrivolous challenge to her sentence. As counsel notes, however, in the plea agreement Franco waived the right to appeal any sentence within the statutory maximum, preserving only the right to appeal the district court's drug quantity determination under U.S.S.G. § 1B1.3. *See United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995) (sentencing appeal waiver valid where underlying plea valid). Franco's sentence falls within the statutory maximum; and as for the point preserved, Franco represented at sentencing that she had no objections to the presentence report and thus waived the right to challenge the district court's drug quantity calculation. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.