NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0838n.06
Filed: December 12, 2007

No. 05-1402

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ARTHUR DUANE PAYTON, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COLE and COOK, Circuit Judges; and FROST, District Judge[*]

COOK, Circuit Judge. Arthur Duane Payton appeals the denial of his Motion to Dismiss premised on violations of the Speedy Trial Act. 18 U.S.C. § 3161 *et seq*. Because the record of proceedings supports the district court's reasons for denying Payton's Motion to Dismiss, we affirm.

I

Payton robbed several banks in Michigan between July and November of 2002. Following four months of unsuccessful plea negotiations, the Government sought an indictment. After precipitating the withdrawals of first one appointed counsel and then another and filing a motion to proceed pro se, multiple motions to dismiss the indictment, three motions to adjourn the trial, a

---

[*]The Honorable Gregory L. Frost, United States District Judge for the Southern District of Ohio, sitting by designation.

motion to argue pretrial motions, and a motion to correct the court's delay in ruling, Payton entered a conditional guilty plea preserving for appeal all arguments raised in the district court regarding Speedy Trial Act violations. He now challenges the district court's refusal to dismiss the charges under the Act.

II

Federal Rule of Criminal Procedure 11(a)(2) permits conditional pleas accompanied by a writing "reserving . . . the right to have an appellate court review an adverse determination of a specified pretrial motion," but such agreements generally bar any other non-jurisdictional attack on the conviction, including unreserved Speedy Trial Act claims. *See, e.g.*, *United States v. Gonzalez-Arimont*, 268 F.3d 8, 11–12 (1st Cir. 2001) (collecting cases supporting waiver of Speedy Trial Act challenges by plea); *United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991). The writing that accompanied Payton's signed conditional plea agreement specifies just one adverse pretrial ruling concerning Payton's speedy trial rights—the denial of Payton's June 2003 Letter/Motion to Dismiss. JA 59. As the Government concedes, the plea agreement reserved for appeal any issues either argued in the motion to dismiss or argued orally at the November hearing held to consider that motion.

III

We review de novo the district court's application of the Speedy Trial Act, *United States v.*

*Gardner*, 488 F.3d 700, 717 (6th Cir. 2007); we review "the factual findings supporting its ruling for clear error," *United States v. DeJohn*, 368 F.3d 533, 538 (6th Cir. 2004).

The Speedy Trial Act imposes two time constraints: "the [thirty-day] limit in § 3161(b) running from arrest or summons to indictment, and the seventy-day limit in § 3161(c) running from indictment to trial." *DeJohn*, 368 F.3d at 538. Payton contends that the district court proceedings ran afoul of both provisions, entitling him under the Act to dismissal of all charges against him. *Gardner*, 488 F.3d at 717; *DeJohn*, 368 F.3d at 539.

A

*Pre-indictment delay.* Payton first claims that a violation occurred when the district court granted three jointly stipulated continuances that prolonged the pre-indictment phase beyond thirty days. *See* 18 U.S.C. § 3161(b). Police arrested Payton on November 12, 2002, and the Government did not return the indictment until March 12, 2003—119 days later. The court entered the first continuance on December 9, 2002, twenty-seven days after the arrest, and the parties, continuing plea negotiations, twice jointly renewed that continuance before the prior continuance expired.

The Government and the district court account for the extended pre-indictment detention by excluding time periods to which the parties jointly stipulated assent. Payton resists having the joint stipulations absolve the delay, claiming not only that his attorney lacked his consent to any of the stipulations but also that he was completely unaware of such proceedings. The district court

considered and rejected this argument, concluding that Payton not only acquiesced in the stipulations but actually promoted further continuances in pursuit of more favorable plea treatment. The court credited the hearing testimony of Payton's former attorney rather than Payton's version of the facts. Responding to Payton's questions, the attorney explained: "You wanted that last stipulation. You wanted me to go back to [the prosecutor], yet again, and ask about a polygraph, yet again. And ask about a meeting, yet again, which is what led to the March 3 letter. That was your decision." JA 387. In light of this and similar statements, we cannot say the district court clearly erred in concluding that Payton authorized the delays attendant to extended plea negotiations, and that his authorization defeats his stance against excluding days attributable to those continuances. *See United States v. Carnes*, 309 F.3d 950, 958 (6th Cir. 2002) (upholding stipulation to delay over the defendant's claim that he had not approved it where the defendant did not present "evidence to contradict the factual finding that [the defendant] consented to the delay"). Finding no violation because the continuance periods are excluded from the speedy trial count, we turn to Payton's claims of unlawful post-indictment delay.

B

*Post-indictment delay.* Payton also claims a right to Speedy Trial Act dismissal saying the Government failed to bring him to trial within seventy days of his indictment. 18 U.S.C. § 3161(c)(1); *see also United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

We explain first why we find no merit in Payton's Letter/Motion filed June 6, 2003. The

district court denied the Letter/Motion orally on November 18, 2003, and in writing on December 10, 2003. When Payton filed this motion approximately ninety actual days had elapsed since the day after his indictment but only thirty-four *countable* days. Payton's unwillingness to count many of his days of post-indictment detention as excludable leads him to assert a violation.

The date of a defendant's motion for dismissal establishes the endpoint for Speedy Trial Act calculations, as "a motion for dismissal is effective only for periods of time which *antedate* the filing of the motion. *Subsequent* periods of delay, whether includable or excludable, are inconsequential." *United States v. Connor*, 926 F.2d 81, 84 (1st Cir. 1991) (emphasis added). Under this standard, the district court needed only to decide whether seventy countable days elapsed between March 13, 2003, the day of Payton's indictment, and June 6, 2003, the Letter/Motion's filing date. The district court did not so limit its review, however. Rather, it generously reviewed the countable days to the planned trial date, December 9, and still found no violation. Discerning no reversible error in the district court's calculations supporting denial, as set forth in its December 10 written ruling memorializing the results of the November 18 hearing, we determine no grounds for dismissal exist.[1]

Payton argues pro se that the court wrongly calculated the days elapsed in his post-indictment

---

[1]The Government disagrees with the district court's inclusion of days incurred in finding Payton a new attorney, *see United States v. Namer*, 149 F. App'x 385, 396–97 (6th Cir. 2005) (treating a ten-day delay during which the court found new counsel after granting the first attorney's motion to withdraw as time during which a motion is "under advisement"), but no violation results even under the district court's more liberal count.

period using his arraignment date—November 14, 2002—rather than his indictment date, March 13, 2003. The district court construed this argument as a motion to dismiss and denied it, referring Payton to the reasons set forth in the court's December 10 order. Payton's argument fares no better on appeal because the relevant Speedy Trial Act provision computes time after *indictment*, not after arraignment. *See* 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant charged . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court . . . *whichever date last occurs*." (emphasis added)).

Pursuing a second, parallel path to reversal, Payton also argued below that the court improperly excluded five months' delay that occurred between the hearing on Payton's Motion to Suppress and the district court's decision on that motion, as well as Payton's Motion to Dismiss and the Government's corollary Motion to Strike. That is, Payton argues that the lengthy 126-day span between the last filing related to the three pending motions and the November 18 hearing held to consider those was "unreasonable and unjustifiable and was a simple matter of neglect by the court." In *Henderson v. United States*, the Supreme Court rejected any requirement that delays between filing of a motion and its hearing be "reasonably necessary." 476 U.S. 321, 329–30 (1986). Given that the court's December 10 order accounts for the delay by explaining its decision to consolidate and review all three motions at the same hearing, we cannot say that the provision was misused. After filing motions that necessitate holding a hearing, Payton may not object to the resulting delay.

*See* 18 U.S.C. § 3161(h)(1)(F) (excluding delays "through the conclusion of the hearing" on a motion).

Only a sham hearing will lose the benefit of the § 3161(h)(1)(F) excludable delay provision, and Payton urges us to consider the court's November 18 hearing as just that. This line of argument fails too. First, Payton's insistence on December 5, 2003, that he had "been asking for [an evidentiary hearing on his motion] for six months" belies his contention that the hearing was unnecessary. JA 349. Second, the record shows that a legitimate hearing took place. *United States v. Staula*, 80 F.3d 596, 602 (1st Cir. 1996), defines a hearing as "any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion." Judge Denise Hood read a tentative ruling into the record and then allowed Payton's attorney, in consultation with Payton, to address the subject of whether her oral ruling addressed all the pending claims, an invitation that they evidently declined, offering no argument. The hearing concluded with Judge Hood scheduling a trial date. Thus, we find no abuse of discretion in the tolling of the speedy-trial clock during consideration of the three motions as allowed by the hearing provision of the Act. *See United States v. Grosz*, 76 F.3d 1318, 1325 (5th Cir. 1996) ("[A] relatively broad definition of 'hearing' is appropriate."). And absent an abuse of discretion, the tolled days separating the motions and their dispositive hearing prevents our finding a violation of the Act's requirement that the defendant be brought to trial within seventy days of indictment.

Payton's third filing, on February 10, 2003, claimed speedy trial violations flowing from his former appointed counsel's ineffectiveness in entering into the stipulated continuances. The arguments posed in this filing essentially repeat the claims the district court resolved against Payton in its credibility determination in favor of Payton's counsel as discussed above regarding pre-indictment claims.

IV

Having considered each of the arguments Payton reserved for appellate review and finding none to present reversible error, we affirm the judgment of the district court.