**UNITED STATES of America, Appellee,**

v.

**Francis CONNOR, Jr.,**
**Defendant, Appellant.**

**No. 90–1025.**

United States Court of Appeals,
First Circuit.

Heard Jan. 9, 1991.
Decided Feb. 21, 1991.

Barbara A.H. Smith, with whom Quinlan & Smith, was on brief, for defendant, appellant.

Don O. Burley, Atty., Office of Consumer Litigation, U.S. Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Wayne A. Budd, U.S. Atty., and John R. Fleder, Director, Office of Consumer Litigation, were on brief, for appellee.

Before CAMPBELL and SELYA, Circuit Judges, and POLLAK *, Senior District Judge.

SELYA, Circuit Judge.

This appeal requires that we revisit a long dachshund of an indictment brought, *inter alia*, under 18 U.S.C. § 513, 15 U.S.C. §§ 1984, 1990c, in which six persons, including Richard M. Penta and the present appellant, Francis A. Connor, Jr., were cited for a pack of charges related to the (alleged) alteration of odometer settings on used motor vehicles.[1] Penta pled guilty during trial, reserving certain appellate rights. A panel of this court rejected his ensuing appeal. *See United States v. Pen-*

ta, 898 F.2d 815 (1st Cir.), *cert. denied,* ─── U.S. ───, 111 S.Ct. 246, 112 L.Ed.2d 205 (1990). Connor doggedly went the distance; the jury found him guilty on eighty counts. Following imposition of sentence, he filed this appeal. We affirm.

I

Initially, Connor's appellate counsel, new to the case, raised both substantive and procedural claims for our perscrutation. Then, the Supreme Court handed down its opinion in *Moskal v. United States,* ─── U.S. ───, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). To all intents and purposes, *Moskal* sounded the death knell for appellant's merits-based argument. *See id.* 111 S.Ct. at 463 (holding that a motor vehicle title duly issued by a state, but containing an apocryphal mileage figure, can be considered "falsely made" within the contemplation of an analogous criminal statute). At oral argument, defense counsel properly conceded that *Moskal* was dispositive of appellant's substantive claim. Hence, only the procedural issue remains.

II

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, requires a defendant to be brought to trial within seventy days of either indictment or first appearing before a judicial officer. *Id.* at § 3161(c)(1). The Act permits certain exclusions from the computation. *Id.* at § 3161(h). Connor claims that two periods of delay were improperly excluded in his case. Had both periods been counted, he tells us, the includable days would have totalled more than seventy (eighty, to be exact). The Act would thereby have been violated, necessitating dismissal of the charges against him.

A.

The first period of delay involves the exclusion of time spent in implementing an intra-district transfer which moved the trial

---

* Of the Eastern District of Pennsylvania, sitting by designation.

1. Connor was also charged with conspiracy, 18 U.S.C. § 371, and aiding and abetting, 18 U.S.C. § 2.

site from Springfield, Massachusetts to Boston, Massachusetts. This shift retarded the proceedings for twelve days. In *Penta,* we considered the identical transfer and ruled unequivocally that time consumed in effectuating *intra-district* transfers was not excludable under 18 U.S.C. § 3161(h)(1)(G) (permitting exclusion of time required for transfer from "another district") or otherwise. *Penta,* 898 F.2d at 818–19. In the current appeal, the government has made no new arguments suggestive of a different result. Principles of *stare decisis* require, therefore, that we adhere to our earlier ruling. *See United States v. Reveron–Martinez,* 836 F.2d 684, 687 & n. 2 (1st Cir.1988) (generally, identical claims should be resolved in the same way for identically situated defendants); *United States v. 177.51 Acres of Land,* 716 F.2d 78, 81 (1st Cir.1983) (similar; applying doctrine to legal issue previously resolved in eminent domain proceedings involving neighboring parcel). The twelve day interval should have been counted for Speedy Trial Act purposes.

### B.

The fact that appellant wins the first dogfight does not signify that he wins the war. Counting the twelve days is not enough to overextend the temporal skein. Appellant must show that the second contested period of delay was improperly excluded as well; elsewise, the seventy day limit was unsullied.

This facet of Connor's claim involves a span of eighteen days, from June 7 to June 26, 1989. The underlying facts are simple. The government requested a two month postponement to procure the attendance of two essential witnesses who were incarcerated. On June 7, 1989, the trial judge denied the initial request but granted a much-abbreviated continuance, eighteen days, due to the asserted unavailability of the witnesses. The judge simultaneously excluded the eighteen day period for Speedy Trial Act purposes. Appellant contends that the exclusion was impermissible because convicts are not "unavailable" witnesses in the statutory sense. Whether or not the contention has the slightest merit—and we do not suggest that it does—it is not properly before us.

In the first place, we are not on virgin ground. Penta challenged the excludability of the same period. We rebuffed the onslaught, holding that the eighteen days were properly eliminated from the speedy trial computation. *Penta,* 898 F.2d at 819. The government asserts that what is sauce for its gander, *see supra* Part II(A), is equally sauce for appellant's goose, and that we should reject the appellant's exhortation out of hand on the basis of *stare decisis.*

■ We recognize that *stare decisis* is not a rigid, inflexible rule. Rather, the doctrine, which has its roots not in safeguarding the finality of judgments but in principles of stability and equality of treatment, "leaves some room for judgment as to its preclusive power." *E.E.O.C. v. Trabucco,* 791 F.2d 1, 2 (1st Cir.1986). On the intra-district transfer issue, *stare decisis* was appropriately invoked against the government because the government offered all its arguments in *Penta* and lost. Connor, however, seeks in this appeal to advance a theory which, for aught that appears from the *Penta* opinion, was not previously aired. Such a distinction might very well leave room to apply *stare decisis* less woodenly, especially in a criminal case. *Cf. United States v. 177.51 Acres of Land,* 716 F.2d at 81 (*stare decisis* applies when, in the later case, "no new analysis" or "new arguments" are forthcoming).

Thus, even though the government's *stare decisis* argument is a powerful one, we prefer to rest our decision on another ground, forgoing any explicit determination on the *stare decisis* point. The record reveals a procedural obstacle which prevents us from reaching the meat of defendant's argument, come what may. We explain briefly.

■ While we agree with Connor that the appropriate response to a Speedy Trial Act infraction is dismissal of the indictment, the remedy is not self-executing:

Failure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(2). Thus, in the precincts patrolled by the Speedy Trial Act, a motion for dismissal is effective only for periods of time which antedate the filing of the motion. Subsequent periods of delay, whether includable or excludable, are inconsequential. We agree with the Ninth Circuit that:

> In ruling on a motion to dismiss an indictment for failure to comply with the Speedy Trial Act, *a court need only consider [the] alleged delay which occurs prior to and including the date on which the motion is made.* The right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss.

*United States v. Wirsing,* 867 F.2d 1227, 1230 (9th Cir.1989) (emphasis supplied); *see also United States v. Mayes,* 917 F.2d 457, 460 (10th Cir.1990) (where defendant filed a motion to dismiss under the Speedy Trial Act, but failed to renew it, any subsequent delay was "irrelevant" to the court's inquiry); *United States v. Berberian,* 851 F.2d 236, 239–40 (9th Cir.1988) (defendant waived the right to challenge delay that occurred subsequent to the filing of his motion to dismiss), *cert. denied,* 489 U.S. 1096, 109 S.Ct. 1567, 103 L.Ed.2d 934 (1989).

■ Connor cannot scale this barrier. He filed his only motion for dismissal under the Speedy Trial Act on May 24, 1989. That was two full weeks prior to the inception of the interlude that he now seeks to challenge. His motion was denied by the court on June 7 (on the same day as, but shortly before, the eighteen day continuance was bestowed). The appellant did not renew his dismissal motion when the court granted the extra days to the prosecution. He did not serve a new motion to dismiss at any time thereafter. The point was, therefore, waived. It is far too late for Connor to argue on appeal, for the first time, that the speedy trial clock should have kept ticking during the eighteen day interval.

### III

We need go no further. For the reasons stated, the judgment of conviction must be *Affirmed.*