**UNITED STATES of America,**

v.

**Jesus Alberto URIBE–LONDONO, Defendant**

**No. CR. 00–92(DBH).**

United States District Court,
D. Puerto Rico.

March 15, 2002.

Marlene Gerdts, Beverly Hills, CA, for Jesus Alberto Uribe–Londono (1), defendant.

Maritza Gonzalez–De–Miranda, U.S. Attorney's Office District of Puerto Rico, Civil Division, Hato Rey, PR, for U.S. Attorneys.

### DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR VIOLATIONS OF THE SPEEDY TRIAL ACT

D. BROCK HORNBY, Chief Judge, sitting by designation.

On April 19, 2000, the defendant Jesus Alberto Uribe–Londono was indicted for

sexual exploitation of children and sexual exploitation of minors. On December 17, 2001, he filed a motion seeking dismissal of that Indictment for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161—3174 (1994). Generally, the Speedy Trial Act provides that a criminal defendant must be tried within 70 days of either his initial appearance before a judicial officer or the indictment, whichever occurs later. The Act allows this 70–day clock to be tolled, however, for certain specified periods. After reviewing the record in this case, I conclude that although 606 days elapsed between the defendant's Indictment and the filing of his speedy trial motion, at least 539 of those days are excludable from the speedy trial calculation. (The trial jury is scheduled to be empanelled on March 15, 2002.) Because no more than 67 countable days have accumulated, the Speedy Trial Act has not been violated and the motion is DENIED.

## DISCUSSION

■ "The Speedy Trial Act ... commands that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate." *Henderson v. United States*, 476 U.S. 321, 322, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act specifically provides that this 70–day clock is tolled for certain designated "periods of delay." 18 U.S.C.

§ 3161(h). Determining whether a Speedy Trial Act violation has occurred is a two-step process. First I must "do the basic mathematics and determine the aggregate time elapsed awaiting trial." *United States v. Barnes*, 159 F.3d 4, 10 (1st Cir. 1998). Then I must "ascertain how many days should be excluded from the total time." *Id.*

## A. Step One

■ The defendant was arrested on March 25, 2000. On March 27, 2000, he made his initial appearance before a Magistrate Judge. He was indicted on April 19, 2000. Because the Indictment is the later of the two triggering events, *see* 18 U.S.C. § 3161(c)(1), the speedy trial clock starts on April 20, 2000, the day after the Indictment. *See, e.g., United States v. Rodriguez*, 63 F.3d 1159, 1162 (1st Cir. 1995) ("[t]he metaphorical clock ... started running ... the day after the indictment"). The clock stops running on December 17, 2001, the day the defendant filed his Motion to Dismiss the Indictment for Violations of the Speedy Trial Act. *See United States v. Connor*, 926 F.2d 81, 84 (1st Cir.1991) ("[A] motion for dismissal [under the Speedy Trial Act] is effective only for periods of time which antedate the filing of the motion. Subsequent periods of delay, whether includable or excludable, are inconsequential.").[1] Because the day the speedy trial motion is filed is excludable, December 16, 2001 is actually the last

---

**1.** Although the Speedy Trial Act calculation considers only the time before the motion to dismiss the Indictment was filed, in this case the outcome would be the same if the motion were filed today. The motion to dismiss the Indictment stopped the speedy trial clock on December 17, 2001. The Government filed its opposition on January 14, 2002. The defendant filed a reply to the Government's opposition on January 31, 2002. On February 7, 2002, the Government filed a motion to strike the defendant's reply. The deadline for

the defendant to file a response to the Government's motion to strike was February 20, 2002. (Docket Entry 152). The defendant did not file a response. Because I have not yet ruled on the Government's motion to strike (and less than 30 days have elapsed since the response deadline) the speedy trial clock remains stopped. (I will discuss the legal basis for excluding time such as this below, when I analyze the excludability of the time associated with the Government's July 25, 2001 motion.)

countable day. *United States v. Staula*, 80 F.3d 596, 600 (1st Cir.1996) (holding that the day defendant filed speedy trial motion is excluded from 70–day clock). Therefore, the speedy trial clock ran for 606 days from (and including) April 20, 2000 to December 16, 2001.

### B. Step Two

In the second step of the analysis, I must determine how many of these 606 days are excludable under 18 U.S.C. § 3161(h). In order to make this determination, I have reviewed the entire docket and case file, including all of the motions, hearings, orders and other events that could potentially produce excludable time. However, I will only discuss a selection of those events that, by themselves, cover the full measure of excludable time.

#### (1) The 17 days from April 26, 2000 to May 12, 2000 are excludable.

■ The arraignment was originally scheduled for April 26, 2000. On April 26, 2000 the Court, responding to a request from the defendant, entered an order moving the arraignment to April 27, 2000. Consequently, April 26, 2000 is excludable [2] as "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F); *see also United States v. Barnes*, 159 F.3d 4, 11 (1st Cir. 1998) ("we have read the term 'pretrial motion' broadly to encompass all manner of motions ranging from informal requests for laboratory reports to 'implied' requests for a new trial date" (internal citations omitted)). The defendant was arraigned on April 27, 2000; therefore that day is

excludable as a "proceeding[ ] concerning the defendant." *United States v. Santiago–Becerril*, 130 F.3d 11, 16 (1st Cir.1997) (quoting 18 U.S.C. § 3161(h)(1)). Additionally, at the arraignment the Court allowed the parties 15 days to file pre-trial motions. Thus, the time from April 28, 2000 to May 12, 2000 is excludable as "time set aside by the district court as motion preparation time." *Rodriguez*, 63 F.3d at 1165 (citing *United States v. Barnes*, 909 F.2d 1059, 1064–65 (7th Cir. 1990) ("whether a defendant actually files a motion or not ... the initial time period the district court allowed for the preparation and filing of motions is excludable under the Speedy Trial Act")).

#### (2) The 478 days from May 17, 2000 to September 6, 2001 are excludable.

■ On May 17, 2000, Juan R. Acevedo, then attorney for the defendant, filed a Motion to Withdraw. The Court denied this motion on June 2, 2000. Therefore, the period between May 17, 2000 and June 2, 2000 is excludable as delay resulting from a pretrial motion. *See, e.g., United States v. Joost*, 133 F.3d 125, 130 (1st Cir.1998) (motion to withdraw stops the speedy trial clock).

■ On May 16, 2000, the Court set the trial for June 27, 2000. On June 2, 2000, the Government filed a motion requesting a continuance of the trial. The Court denied the Government's motion on June 6, 2000. The period between June 2, 2000 and June 6, 2000 is also excludable as delay resulting from a pretrial motion.

■ On June 5, 2000, the defendant filed a motion challenging the validity of

---

**2.** After a preliminary review of the record and the docket sheet, it is not clear when the defendant made this request. This is significant because the entire period from the date of the request to the date it was granted is excludable as delay resulting from a pretrial motion. To be conservative in calculating the excludable time, I will assume that the request was made the same day that it was granted.

the appointment of the Interim United States Attorney. The defendant sought either dismissal of the Indictment, or a stay of proceedings pending the resolution of the appeal of a case involving the same issue, *United States v. Peralta–Ramirez*, 83 F.Supp.2d 263 (D.P.R.2000). On June 13, 2000, the Government filed its opposition to this motion. On June 20, 2000, the Court issued an order holding the defendant's motion in abeyance pending the outcome of the appeal. The First Circuit decided the appeal on July 17, 2000. *United States v. Hilario*, 218 F.3d 19 (1st Cir. 2000). On August 1, 2000, the Court took notice of this decision and ordered the defendant to tell the court whether he wished to hold his motion in abeyance until the appeal to the Supreme Court was resolved. On August 7, 2000, the defendant asked that his motion be kept in abeyance until the Supreme Court resolved the appeal. The Supreme Court denied *certiorari* on November 27, 2000. *Hilario v. United States*, 531 U.S. 1014, 121 S.Ct. 572, 148 L.Ed.2d 490 (2000). Although the Court did not enter an order dismissing the defendant's motion after the Supreme Court denied *certiorari*, it obviously could not have done so until at least November 27, 2000. Therefore, at a minimum, the period from June 5, 2000 to November 27, 2000 is excludable as delay resulting from a pretrial motion.

■ On June 16, 2000, the defendant filed a motion to suppress certain evidence and statements. On July 12, 2000, the Government filed a response. On September 5, 2000, the Court referred this motion to the Magistrate Judge for an evidentiary hearing and a Report and Recommendation. On February 21 and March 7, 2001, the Magistrate Judge held a hearing on this motion. All the time from June 12, 2000 to March 7, 2001 is automatically excludable as delay resulting from a pre-

trial motion "from the filing of the motion through the conclusion of the hearing." 18 U.S.C. § 3161(h)(1)(F); *United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir.1999) ("[A]s long as a hearing on the motion is to be conducted before trial, the delay until the hearing automatically should be considered delay 'resulting from' a pretrial motion."); *see also Henderson*, 476 U.S. at 326–27, 106 S.Ct. 1871 ("subsection (F) does not require that a period of delay [between the filing of a motion and the hearing on that motion] be 'reasonable' to be excluded"); *Staula*, 80 F.3d at 601 ("For motions that require a hearing, [subsection (F) ] excludes the time between the filing of the motion and the hearing on that motion, even if the delay is overlong, inexplicable, or unreasonable." (footnote omitted)).

■ At the end of the hearing on March 7, 2001, the Court ordered the parties to submit written briefs within 15 days. On March 26, 2001, the Government filed its brief. On April 9, 2001, the defendant filed his brief. On May 23, 2001 the defendant filed a response to the Government's brief. On May 30, 2001, the Court ordered the Government to submit additional information by June 12, 2001. On May 31, 2001, the Government filed a reply to the defendant's May 23, 2001 filing. On June 12, 2001, the Government complied with the Court's May 30, 2001 order. On June 28, 2001, the Government filed a motion submitting additional evidence related to the defendant's motion to suppress. On July 11, 2001, the defendant filed a response to the Government's June 28, 2001 filing. On July 17, 2001, the Government filed a response to the defendant's July 11, 2001 filing. The Court took no further action on this motion until the Magistrate Judge issued a Report and Recommendation on January 25, 2002. The statute "excludes time after a hearing has been

held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Henderson,* 476 U.S. at 331, 106 S.Ct. 1871. Additionally, the speedy trial clock may be stopped for up to 30 days after the last filing while the Court has the motion "actually under advisement." *United States v. Scott,* 270 F.3d 30, 55 (1st Cir. 2001). Therefore, the time from March 7, 2001 (the day the Court first ordered the parties to submit additional filings) until August 16, 2001 (30 days after the last filing) is excludable.

■ On July 25, 2001, the Government filed a motion to seal one of the defendant's previous filings, and asking the Court to order the defendant to refrain from including the names of the minor victims in his future filings. On January 8, 2002, the Court granted the Government's motion. For a motion that does not require a hearing, the Speedy Trial Act "allow[s] for the exclusion of all of the time from the filing of the motion to the time that the court receives all reasonably expected papers, plus no more than an additional 30 days of advisement time." *Rodriguez,* 63 F.3d at 1163. Although the defendant did not, ultimately, file a response to the Government's motion, there is no indication in the record that the Court could have known this before August 7, 2001, the day the defendant's response was due. (*See* Docket Entry 125). In other words, the Court did not know it had received "all reasonably expected papers" until August 7, 2001 came and went without any response from the defendant. Consequently, the Court could not have taken the motion under advisement until August 8, 2001, and the 30–day excludable period continued until September 6, 2001 (30 days after the Court took the motion under advisement). *Cf. Rodriguez,* 63 F.3d at 1164 ("[T]he bail motion . . . (which

did not receive a hearing nor, apparently, an express ruling) resulted in at least an additional 30 days of excludable time."). Therefore the time from July 25, 2001 to September 6, 2001 is excludable as delay resulting from a pretrial motion.

*(3) The 44 days from October 3, 2001 to November 15, 2001 are excludable.*

On October 3, 2001, the Government filed a motion asking the Court to make a comprehensive ruling on the validity of the defendant's various allegations of prosecutorial misconduct. The defendant's response was due October 16, 2001 (Docket Entry 135), but no response was filed. It is not clear in the record whether the Court made an express ruling on this motion before the defendant filed his motion to dismiss the Indictment. Therefore, the excludable time related to this motion ran from October 3, 2001 to November 15, 2001 (30 days after the response deadline).

*(4) I do not decide whether time associated with the Government's October 30, 2001 motion is excludable.*

After consideration of the Government's October 3, 2001 motion, the amount of excludable time totals 539 days. Correspondingly, no more than 67 non-excludable days have passed since the defendant was indicted. Because these calculations demonstrate that the Speedy Trial Act has not been violated, I do not decide whether any time should be excluded because of the Government's October 30, 2001 motion. In that motion, the Government expressed concerns about compliance with the Speedy Trial Act and asked the Court to take action on all motions currently pending, including those that the Court had referred to the Magistrate Judge for evidentiary hearings. The defendant did not file a response to this motion, and there is no indication in the record that the Court

expressly ruled on it before the defendant filed his motion to dismiss the Indictment.

This motion deserves special scrutiny because it could possibly be characterized as asking the court to do no more than take action that it was already obligated to take (*i.e.*, rule on pending motions for which the Speedy Trial Act's 30–day "under advisement" period had already expired). This view is not necessarily persuasive, given that the motion also asks the District Court Judge to take appropriate action with respect to the motions that were still under advisement by the Magistrate Judge. However, even if the former interpretation is correct, this does not necessarily end the analysis. In *United States v. Jorge*, 865 F.2d 6, 11 (1st Cir. 1989), the First Circuit held that the time associated with a motion that "simply repeated an obligation the defense already owed" the government under a previous order was excludable. The court noted the defendant's "concern that the government not be able to subvert the Speedy Trial Act by filing superfluous motions or other requests for action." *Id.* at 12 ("Indeed, we believe trial courts should consider carefully the circumstances surrounding government motions in determining whether they should stop the clock."). Nonetheless, after considering the good-faith basis for the government's motion, and the lack of prejudice to the defendant, the court found the exclusion appropriate. *Id.*

Because a decision on the excludability of the time associated with the Government's October 30, 2001 motion would likely require further inquiry into the circumstances surrounding the filing of the motion, and such a decision would not affect my ultimate conclusion that there was no violation of the Speedy Trial Act, I do not decide whether this time is excludable.

**3.** The Government's February 7, 2002 Motion to Strike is also denied.

## CONCLUSION

Together, these three periods of excludable time total 539 days. At the time the defendant filed his motion, although 606 total days had elapsed, that total included no more than 67 non-excludable days. Accordingly, the defendant's Motion to Dismiss the Indictment for Violations of the Speedy Trial Act is DENIED.[3]

So ORDERED.