RONALD LEE GILMAN, Circuit Judge,
concurring in part and dissenting in part.
My disagreement with the generally well-reasoned majority opinion is narrow but consequential. I agree that Brown’s Speedy Trial Act (STA) rights were violated (Maj.- Op. at 809-22), and that'the district court did not err in concluding that Brown violated his supervised release (Maj. Op. at 828-29). Accordingly, I concur in Parts II.A. and II.D. of the majority opinion. I also agree with the' general principle that an oral motion to dismiss comports with the requirements of 18 U.S.C. § 3162(a)(2). But because Brown’s objection to the continuance of his trial failed to comply with binding circuit precedent, I am of the opinion that Brown’s STA claim fails.
A. Did Brown w;aive his STA claim by not moving to dismiss the indictment?
For the reasons set forth in the majority opinion, I believe that an oral motion to dismiss the indictment is sufficient to comply with the STA’s provision requiring that the dismissal of the indictment be based “on motion of the defendant.” 18 U.S.C. § 3162(a)(2). The problem here is that Brown never in fact made -any such motion. He simply objected to the court’s start-and-stop solution to the STA’s..70day deadline, but without,ever, moving to dismiss for that reason.
Based on the skeletal reasoning in United States v. Arnold, 113 F.3d 1146, 1149 (10th Cir.1997), the majority concludes that Brown’s oral objection to continuing the trial was equivalent to an oral motion to dismiss under § 3162(a)(2). (Maj. Op. at 822-26) I have doubts as to the soundness of that decision, but I see no reason to pursue the issue because, in my opinion, there is a more clear-cut basis on which to resolve this case. Accordingly, I will assume without deciding that Brown’s oral objection to the district, court’s start-and-stop plan constituted an oral motion to dismiss the indictment.
B. Brown waived his STA claim under Sherer
The clear-cut basis for resolving this case, in my opinion, is premised on this court’s decision in United States v. Sherer, 770 F.3d 407 (6th Cir.2014). In Sherer, the defendant moved to dismiss his indictment on the 57th day of his STA clock on the ground that his trial, which was scheduled to begin approximately two months later, would commence after the 70th day. Id. at 411. Heeding the wisdom of' other courts, Sherer held that “a motion for dismissal under the Speedy Trial Act is effective only for periods of time which antedate its filing.” Id. (brackets omitted) (quoting United States v. Connor, 926 F.2d 81, 84 (1st Cir.1991)). Sherer went on to concludé that the “proper course” when challenging a trial scheduled on a date that would violate the STA is to file a motion to dismiss “on day seventy-one (or later).” Id. By failing to move to dismiss after the 70th day, a defendant “waives his rights” *831 under the STA. Id. This holding is binding precedent. See Sierra Club v. Korleski, 681 F.3d 342, 354 (6th Cir.2012) (“Sixth Circuit Rule 206(c) is unequivocal: Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel.” (citation omitted)).
Beyond , being binding precedent, Sherer’s approach makes sense. A defendant’s STA rights have not been violated until after the 70th day has. passed because the STA allows for trial to begin as late as the 70th day. See 18 U.S.C. § 3161(c)(1). This means that there is no injury for a court to redress until the 70th day 'has passed without the defendant’s trial commencing. The rule in Sherer■ also protects against certain legal oddities. For instance, Sherer noted that the Supreme Court has held “that any pretrial motion-even the defendant’s motion to dismiss under the Speedy Trial > Act — stops the' statutory clock.” 770 F.3d at 411 (emphasis in original) (citing United States v. Tinklenberg, 563 U.S. 647, 131 S.Ct. 2007, 2016, 179 L.Ed.2d 1080 (2011)). Without the rule in Sherer, a court could be confronted with the anomaly of- a trial date that would have otherwise violated the STA except for the defendant filing a motion to dismiss before the 71st day, thereby tolling the STA clock. The waiver rule that Sherer lays down is therefore rational, in addition to being binding precedént.
But the majority attempts to distinguish Sherer from the present casé on two grounds. First, the majority notes that Sherer and the cases it cited for support did not involve start-and-stop plans. (Maj. Op. at 826-27) This indubitable fact, however, is a distinction without a difference. Nothing in Sherer indicates that its conclusion would have been different had it confronted a start-and-stop plan. Moreover, Sherer’s binding effect is independent of the facts underlying the cases that it cited for support.
The majority clarifies its quibble with the factual differences between Sherer and the present case by contending that here, unlike in Sherer, the district court’s start- and-stop plan imposed “a couri>created obstacle to moving to dismiss the indictment after the 70 days,” (Maj. Op. at 826-27) Contrary to the majority’s assertion, however, the start-and-stop plan did not prevent ¡Brown, from moving to dismiss after the 70th day of his STA clock.
A * defendant waives a violation of his STA-rights unless he “move[s] for dismissal prior to- trial.” 18 U.S.C. § 3162(a)(2). Although voir dire is generally considered the start of trial for purposes of the STA, see United States v. Scaife, 749 F.2d 338, 343 (6th Cir.1984) (“Under normal circumstances, a trial begins for purposes of the [STA] when the voir dire process begins:”), this generality — like most generalities — has exceptions. One such exception must be for situations, like the present case, where a start-and-stop plan violates the STA.
When a defendant alleges that a start- and-stop plan violates the spirit of the STA, he is essentially arguing that voir dire should not be deemed the start of his trial for STA purposes. Success on such a challenge necessarily means that, for STA purposes, the defendant’s trial did not begin with voir dire. Brown seeks to have it both ways by simultaneously contending that (1) voir dire did not commence his trial for the purpose of evaluating the merits of his STA claim, and (2) voir dire did commence his trial for the purpose of the STA’s waiver provision, which purportedly prevented him from seeking dismissal after the 70th day. He should not be allowed to prevail based on the simultaneous assertion of these two inconsistent positions. I would therefore hold that, when a *832 start-and-stop plan is deemed to violate the STA, the beginning of trial for the purpose of evaluating a defendant’s potential waiver under 18 U.S.C. § 3162(a)(2) is the resumption of trial following the recess. Accordingly, despite the majority’s assertion to the contrary, nothing prevented Brown from moving to dismiss after the 70th day (i.e., after September 15, 2014) and before the opening statements scheduled for September 22, 2014.
The majority’s second attempt to distinguish Sherer is based on the fact that Sherer was decided after the jury found Brown guilty. (Maj. Op. at 827-28) Although factually correct, the majority offers no explanation for why this leads to the inapplicability of Sherer’s holding to the present case, especially considering that the district court had not yet issued judgment when Sherer was decided. See Harper v. Va. Dep’t of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (“When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.”); Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (“We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final.... ”). And even if Sherer’s holding were somehow not binding in the present case because Sherer was decided after the jury found Brown guilty, I would still apply the waiver rule to this case because, as explained above, the rationale underlying it is sound and persuasive.
The majority musters a sole dissenting opinion from an unrelated case for the proposition that applying Sherer to the present case would be unfair. (Maj. Op. at 828) Applying Sherer’s waiver rule to the present case is no more unfair, however, than its application to Sherer himself. And surely thé majority would not dispute that Sherer was subject to the rule announced in his case. See Harper, 509 U.S. at 97-98, 113 S.Ct. 2510 (holding that, unless the Supreme Court reserves the question of whether its holding should be applied to the parties before it, the presumption is that the holding applies to them).
To summarize, I am unpersuaded by the majority’s attempts to distinguish Sherer from the present case. I would instead apply Sherer and hold that, when a start- and-stop plan violates the STA, a defendant waives his STA rights unless his motion to dismiss the indictment occurs both ' (1) after the 70th day of the STA clock, and (2) prior to the resumption of trial following the recess that violates the STA.
Turning to the application of Sherer in the present case, the parties do not dispute that the 70th day of the STA clock occurred on September 15, 2014. (Maj. Op. at 810 n. 5) Accordingly, per Sherer, any motion to dismiss under the STA made prior to September 16, 2014 was ineffective. See 770 F.3d at 411. Brown made his oral objections on September 8, 2014. (Maj. Op. at 806-08) Even assuming without deciding that these objections constituted an oral motion to dismiss, the record is devoid of any evidence that either Brown or his defense counsel moved for dismissal under the STA between September 16, 2014 and the resumption of trial on September 22, 2014. Indeed, there is no evidence that a motion to dismiss under the STA was filed at any time after September 15, 2014. Brown has therefore *833 waived his STA rights. See 18 U.S.C. § 3162(a)(2); Sherer, 770 F.3d at 411.
C. Brown’s claim of ineffective assistance of counsel is not adequately developed for review on direct appeal
Because I conclude that Brown’s STA claim fails on procedural grounds, I -will now turn to his two alternative arguments for relief that are not- addressed by the majority opinion. The first such alternative argument is an ineffective-assistance-of-counsel claim based on the failure of Brown’s counsel to seek dismissal because of the alleged STA violation. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a defendant is denied his Sixth Amendment right to the effective assistance of counsel when (1) his “counsel’s performance was deficient,” and (2) the “deficient performance prejudiced the defense”).
There is a strong preference in favor of not addressing ineffective-assistance-of-counsel claims on direct appeal. See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (“[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.”); United States v. Jones, 489 F.3d 243, 255 (6th Cir.2007) (noting that this circuit “ordinarily will not rule on ineffective assistance of counsel claims raised on direct appeal because the record has not been sufficiently developed to review such claims”).
Because a district court has the option to dismiss an indictment without prejudice to remedy an STA violation, see 18 U.S.C. § 3162(a)(2), the record is not adéquately developed to address whether Brown’s ineffective-assistance-of-counsel claim satisfies the prejudice prong of Strickland. See United States v. Jackson, 22 Fed.Appx. 396, 398 (6th Cir.2001) (denying a defendant’s ineffective-assistance-of-counsel claim based on his counsel’s failure to raise an STA violation because the defendant had “not demonstrated a reasonable probability that the district court would have dismissed the indictment with prejudice”). I would therefore deny Brown’s ineffective-assistanee-of-counsel claim without prejudice and allow -him to bring it in a petition under 28 U.S.C. § 2255.
D. Brown’s claim regarding his exclusion from the teleconferences fails
Brown’s second alternative argument is that his exclusion from the teleconference on September 3 and 4, 2014 violated his rights under the Due Process Clause of the Fifth Amendment and the Confrontation Clause of the Sixth Amendment. He concedes, however, that this claim.is subject to review under the plain-error standard because defense counsel did not object to Brown’s absence. See Fed. R.Crim.P. 52(b) (“A plain error that affects substantial rights may be considered even though-it was not brought to the court’s attention.”); United States v. Cromer, 389 F.3d 662, 672 (6th Cir.2004) (“Plain error review applies even if the forfeited assignment of error is a constitutional error.”).
“To establish plain error, a defendant must' show (1) that an error occurred in the district court;' (2) that the error was plain, i.e., obvious or clear; (3) that the error affected ■ defehdant’s substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial procéed-ihgs.” United States v. Blackwell, 459 F.3d 739, 771 (6th Cir.2006) (quoting United States v. Abboud, 438 F.3d 554, 583 (6th Cir.2006)). A defendant must satisfy each of the four distinct analyses of the plain-error inquiry in order to prevail on a for *834 feited claim. See United States v. Sharp, 442 F.3d 946, 949-50 (6th Cir.2006).
“[A] defendant has a due process right to be present at a proceeding whenever his presence has a relation, reasonably substantial, to the fulness [sic] of his opportunity to defend against the charge.” United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (per curiam) (citation and internal quotation marks omitted). This right, however, is not absolute. United States v. Henderson, 626 F.3d 326, 343 (6th Cir.2010) (noting that “a defendant’s right to be present at every stage of trial is not absolute”). “The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.” Gagnon, 470 U.S. at 526, 105 S.Ct. 1482 (brackets and citation omitted).
Even if the district court did err in conducting the teleconferences in Brown’s absence, any alleged error was not obvious or clear. “An error is ‘plain’ when, at a minimum, it is ‘clear under current law.’ ” United States v. Al-Maliki, 787 F.3d 784, 794 (6th Cir.2015) (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). “A lack of binding case law that answers the question presented” .precludes a “finding of plain error.” Id. Brown has .cited no cases, nor am I aware of any, .holding that a defendant has a constitutional right to loe present at a pretrial conference discussing (1) the trial schedule, (2) a possible continuance, or (3) a potential STA violation. Accordingly, even assuming without deciding that the district court erred, the error was not plain.. Brown’s claim regarding his exclusion from, the teleconferences therefore fails.
In conclusion, I can understand why the majority might think that the application of Sherer is unfair to Brown. (Maj. Op. at 827-28) In our constitutional system, however, judges are not charged with simply dispensing justice in some abstract, unan-chored sense. We are permitted to administer our own conception of justice only if it comports with the law. See United States v. Mize, Nos. 13-6558, 13-6559, 13-6560, 814 F.3d 401, 416, 2016 WL 640636, at *12 (6th Cir. Feb. 18, 2016) (Keith, J., dissenting) (“At first blush, it may appear that the majority reaches a ‘noble’ outcome because the convictions of three defendants are reversed. However, courts should be ever mindful that true justice requires consistent application of the. law for everyone.”). Because Sherer controls the outcome of this case, I cannot join the majority in full. I would therefore affirm the judgment of the district court.