# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2089
_____

United States of America

*Plaintiff - Appellee*

v.

Heather Nicole Trogdon

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 14, 2022
Filed: June 9, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Heather Nicole Trogdon conditionally pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm the district court's[1] denial of her motion to suppress the firearm.

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Police officers Steven Young and Jessamyn McVey responded to a report of shoplifting at Mills Fleet Farm in Ankeny, Iowa. Young called out to the suspect (later identified as Trogdon) when he saw her in the parking lot. Trogdon set down the backpack she had been carrying and approached him. McVey patted her down, while Young retrieved the backpack. The officers then escorted her to the store's loss prevention office.

Young set the backpack on the office floor, near his feet. Trogdon acknowledged that she had carried a jacket out of the store and claimed that she merely had forgotten to pay for it. She also was wearing a stolen belt. Trogdon told Young that her name was Stormy Breece. She said that there was nothing illegal in the backpack and did not consent to its search. Dispatch reported to Young that Stormy Breece was not a valid name.

Young picked up the backpack, placed it on the desk, and began searching it. He discovered a loaded handgun in the main compartment. Young then handcuffed Trogdon and disabled the firearm. He later found her driver's license, which identified her as Heather Trogdon, and learned that there was a warrant for her arrest. Trogdon's backpack was not transported to the jail. Her boyfriend retrieved it from the officers.

Trogdon pleaded guilty to being a felon in possession of a firearm after the district court denied her motion to suppress. On appeal, we review the district court's conclusions of law *de novo* and its factual findings for clear error. See United States v. Baez, 983 F.3d 1029, 1036 (8th Cir. 2020). "[W]e can affirm the district court's judgment on any ground that is supported by the record." Id. at 1041 (quoting Taylor v. United States, 204 F.3d 828, 829 (8th Cir. 2000)).

Trogdon argues that the firearm should have been suppressed because Young's warrantless search of her backpack violated her Fourth Amendment rights. Even if we were to assume that the search was not valid incident to arrest, see United States

v. Perdoma, 621 F.3d 745, 750–51 (8th Cir. 2010), we conclude that the evidence was nonetheless admissible under the inevitable discovery doctrine.

"With limited exceptions, evidence acquired during, or as a consequence of, a search that violates the Fourth Amendment is inadmissible." Baez, 983 F.3d at 1036. Evidence that "ultimately or inevitably would have been discovered by lawful means" need not be suppressed, however. Nix v. Williams, 467 U.S. 431, 444 (1984). For the inevitable-discovery doctrine to apply, the government must prove by a preponderance that the evidence would have been discovered by lawful means in the absence of police misconduct. Id. We have also required the government to show that law enforcement was "actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation." See Baez, 983 F.3d at 1039 (quoting United States v. Conner, 127 F.3d 663, 667 (8th Cir. 1997)).

We conclude that the firearm inevitably would have been discovered during a lawful inventory search of the backpack. Trogdon admitted that she had not paid for the sweatshirt that she carried out of the store. Young testified that he thus would have arrested Trogdon for theft had he not searched her backpack. He also explained that he would have arrested Trogdon to identify her. Young testified that Trogdon's backpack would have been searched when she arrived at jail. Accordingly, the government has shown that the handgun inevitably would have been discovered during a lawful inventory search.

Young further testified that he could have obtained a warrant but did not do so because of the time involved and because he had probable cause to search the backpack incident to arrest. Under our case law, this is enough to constitute "actively pursuing a substantial, alternative line of investigation." See Baez, 983 F.3d at 1040 (requirement met when officer's testimony implied that he "was at least disposed to execute an alternative plan if [defendant's wife] refused to consent, even if he did not consciously have such a plan in mind"); United States v. Hammons, 152 F.3d 1025, 1030 (8th Cir. 1998) (requirement met when the officers had in mind "an alternative

plan" that they would have executed if the constitutional violation had not occurred); see also United States v. Durant, 730 F.2d 1180, 1185 (8th Cir. 1984) ("[The defendant's] connection to the blue Oldsmobile would have been inevitably discovered once the officers became aware of [his] alleged participation in the bank robbery.").

Trogdon argues that the handgun would not have been discovered because Young did not bring the backpack to the jail, but instead released it to her boyfriend. It strains credulity to suggest that Young would have released the backpack without searching it, when he did not know Trogdon's true identity or whether the backpack contained additional stolen items.

The judgment is affirmed.

_____